FILED & JUDGMENT ENTERED
Steven T. Salata

Apr 29 2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CASE NO. 11-32282 |
| SHENOVA L. HILL, ) | |
| Debtor. ) | |
| ) | CHAPTER 13 |
| WARREN L. TADLOCK, Trustee, ) | |
| ) | Adv. Pro. No.: 12-03028 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PENTAGON FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHENOVA L. HILL, ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PENTAGON FEDERAL CREDIT UNION'S MOTIONS FOR
<u>SUMMARY JUDGMENT</u>**

This matter came on for hearing on December 5, 2012 on Pentagon Federal Credit Union's motion for summary judgment against the Plaintiff and motion for summary judgment against the Third Party Defendant ("Pentagon's Motions") and the Trustee's Motion for

Summary Judgment (the "Trustee's Motion"). Present at the hearing were Jeff D. Rogers on behalf of Pentagon Federal Credit Union ("Pentagon") and Jenny P. Holman on behalf of the Chapter 13 Trustee.

The Court has reviewed the pleadings, the exhibits thereto, the affidavits and declarations, and other matters of record in this adversary proceeding and in the Debtor's bankruptcy case. Based on its consideration of the same, as well as the parties' arguments made at the hearing, the Court has determined that the Trustee's Motion should be granted and Pentagon's Motions should be denied.

## FACTS

On or about June 19, 2002, the Debtor was granted ownership of the real property located at 5710 Rockbridge Lane, Charlotte, North Carolina via a deed recorded in Book 13713, Page 305 of the Mecklenburg County Register of Deeds. The Rockbridge Lane deed contained the following legal description: "Being all of Lot 14, Block 1, McGregor Downs, Subdivision, according to the plat thereof, recorded in Map Book 24, Page 570, in the Office of the Register of Deeds of Mecklenburg County, North Carolina." Thereafter, the Debtor was granted ownership of the property located at 2036 Mountain Park Drive, Charlotte, North Carolina via a deed recorded in Book 16958, Page 649 of the Mecklenburg County Register of Deeds on March 29, 2004. The Mountain Park Drive deed contained the following legal description: "Being all of Lot 4, in Block 9 of Mt. Isle Harbor, Phase 4, Map 1, Subdivision as same is shown on map thereof recorded in Map Book 33, at Page 829 in the Mecklenburg County Registry."

On April 7, 2004, in connection with the extension of a home equity line of credit from Pentagon, the Debtor executed a home equity line of credit agreement (the "Agreement") with an original credit limit amount of $45,500.00. The Agreement does not reference or describe the collateral that serves as security for the extension of credit. The Debtor also executed an Equity

2

Loan Lien Affidavit, which contained the following property description: "Being all of Lot 14, Block 1, McGregor Downs, Subdivision, according to the plat thereof, recorded in Map Book 24, Page 570, in the Office of the Register of Deeds of Mecklenburg County, North Carolina."

In order to secure repayment under the Agreement, the Debtor also executed a deed of trust pledging her interest in property with the following legal description: "Being all of Lot 14, Block 1, McGregor Downs, Subdivision, according to the plat thereof, recorded in Map Book 24, Page 570, in the Office of the Register of Deeds of Mecklenburg County, North Carolina" (the "Deed of Trust"). The Deed of Trust was recorded on June 25, 2004 in Book 17394, Page 518 in the Mecklenburg Register of Deeds. Although the Deed of Trust contained the legal description for 5710 Rockbridge Lane, Charlotte, North Carolina, it also referenced the street address of 2036 Mountain Park Drive. It is undisputed that at the time the Deed of Trust was signed and recorded, the Debtor was the record owner of 5710 Rockbridge Lane, Charlotte, North Carolina and 2036 Mountain Park Drive, Charlotte, North Carolina.

Upon realizing the discrepancy between the legal description and the street address included in the Deed of Trust nearly seven years after the Deed of Trust was recorded, Pentagon filed a "Corrective or Scrivener's Affidavit for Notice of Typographical or other Minor Error" ("Corrective Affidavit") with the Deed of Trust. The Corrective Affidavit contained the following legal description: "Being all of Lot 4, in Block 9 of Mt. Isle Harbor, Phase 4, Map 1, Subdivision as same is shown on map thereof recorded in Map Book 33, at Page 829 in the Mecklenburg County Registry." The legal description on the Corrective Affidavit is the legal description for the property located at 2036 Mountain Park Drive, Charlotte, North Carolina. The Deed of Trust filed with the Corrective Affidavit still contained the legal description for the property located 5710 Rockbridge Lane.

3

On August 31, 2011, the Debtor filed for bankruptcy. In her plan, the Debtor lists Pentagon as having three claims secured by the real property located at 5710 Rockbridge Lane, Charlotte, North Carolina. The plan also indicates that the real property located at 2036 Mountain Park Drive, Charlotte, North Carolina serves as the collateral for the claim of another creditor, the State Employees' Credit Union. Pentagon is not listed in the Debtor's schedules as a creditor for the property located at 2036 Mountain Park Drive, Charlotte, North Carolina.

The Trustee filed this adversary proceeding seeking to avoid the Deed of Trust pursuant to 11 U.S.C. § 544(a)(3). Pentagon filed a counterclaim against the Trustee and a Third-Party Complaint against the Debtor seeking to have the Court reform the Deed of Trust to correct the legal description contained therein and for a declaratory judgment that Pentagon holds a valid and enforceable lien upon the subject real property.

Pentagon contends that the property located at 2036 Mountain Park Drive, Charlotte, North Carolina is encumbered by the Deed of Trust that was originally recorded on June 25, 2004 in Book 17394, Page 518 in the Mecklenburg County Register of Deeds. Pentagon recognizes that the Deed of Trust included the wrong legal description; however, Pentagon argues that the Deed of Trust coupled with the later recorded Corrective Affidavit would have led a prudent person to inquire as to the rights of others and, therefore, those documents served as constructive notice of Pentagon's interest. Further, Pentagon contends that those documents served as constructive notice to the Trustee, so the Trustee should not be recognized as a "bona fide purchaser" pursuant to § 544(a)(3). Pentagon seeks to preserve its lien from the Trustee's avoidance powers under 11 U.S.C § 544 and to enforce its lien against the Debtor by reforming the Deed of Trust.

The Trustee disputes that the Deed of Trust and the Corrective Affidavit provided constructive notice sufficient to constitute a defense to the Trustee's status as a bona fide purchaser pursuant to § 544(a)(3). The Trustee maintains that he is a bona fide purchaser and should be entitled to summary judgment avoiding the lien of Pentagon on the property located at 2036 Mountain Park Drive, Charlotte, North Carolina. Further, the Trustee argues that the Corrective Affidavit filed by Pentagon did not correct the Deed of Trust.

## **CONCLUSIONS OF LAW**

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Bankruptcy Rule 7056. Under Rule 56(c), summary judgment should be granted if " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c) (1963)). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the non-moving party." Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001)).

The initial burden of establishing that there is an absence of any genuine issue of material fact is the responsibility of the moving party. See Celotex, 477 U.S. at 323. The burden shifts to the non-moving party to present some evidence of a genuine issue of material fact once the moving party has satisfied its burden. See Searcy v. Searcy, 715 S.E.2d 853, 856 (N.C. Ct. App. 2011) (citing Hill v. Hill, 380 S.E.2d 540, 544 (N.C. Ct. App. 1989)). At the hearing on this

5

matter, both parties agreed that there are no disputed issues of fact, and each party argued for summary judgment in its favor.

**A. The Corrective Affidavit was not effective in curing the incorrect legal description in the Deed of Trust.**

In order for a deed or other instrument conveying or encumbering real property to be valid, it must describe the property to be encumbered in such a way that "it identifies the particular real property involved or furnishes the means for identifying it." 1 James A. Webster, Jr., Patrick K. Hetrick & James B. McLaughlin, Jr., Webster's Real Estate Law in North Carolina § 10-34 (6th ed. 2011) (citing several opinions of the Supreme Court of North Carolina). "The function of the description of land in conveyances and contracts is to describe the locus and boundaries of the real property to which the instrument relates in order that it can be located on the ground by a competent surveyor, with or without the introduction of competent extrinsic evidence." Id.

Pentagon argues that the Deed of Trust was secured by the property located at 2036 Mountain Park Drive because it included a reference to the street address of 2036 Mountain Park Drive. However, the Deed of Trust also contained the legal description for the property located at 5710 Rockbridge Lane. Therefore, the conveyance is unclear because the Debtor owns both of these parcels of land.

Pentagon attempted to fix this inconsistency in the Deed of Trust by recording the Corrective Affidavit on March 16, 2011, but the Corrective Affidavit was not effective under state law. Pursuant to North Carolina General Statute § 47-36.1, "notice of typographical or other minor error in a deed or other instrument recorded with the register of deeds may be given by recording an affidavit." However, as the North Carolina Court of Appeals held in Green v. Crane, 386 S.E.2d 757, 760 (N.C. Ct. App. 1990), the addition of a legal description of land is

"not the correction of an obvious typographical or clerical error." Similarly, substituting one legal description for another is not the type of typographical or clerical error that can be corrected by affidavit pursuant to § 47-36.1. Therefore, the Corrective Affidavit is ineffective under North Carolina law and did not cure the incorrect legal description contained in the Deed of Trust.

**B. The Deed of Trust and the Corrective Affidavit do not give sufficient notice to rise to a defense to the Trustee's status as a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3).**

Section 544(a)(3) of the Bankruptcy Code allows a trustee to avoid any of a debtor's obligations or transfers that would be avoidable by a bona fide purchaser for value and include property subject to those obligations or transfers in a debtor's estate. However, as held by the Bankruptcy Court for the Northern District of West Virginia:

> [A] trustee, as a bona fide purchaser under § 544(a), is subject to all the constructive notice provisions of the state in which the trustee is attempting to assert his § 544 power. If there is such constructive notice as would preclude a bona fide purchaser from prevailing under state law, then the trustee cannot prevail under § 544(a)(3).

In re Morgan, 96 B.R. 615, 618 (Bankr. N.D. W. Va. 1989)). Other courts have agreed that constructive notice of a defect in a deed serves as a defense under § 544(a) if it is allowable under state law. See, e.g., In re Suggs, 355 B. R. 525, 527 (Bankr. M.D.N.C. 2006).

Pentagon argues that the Trustee had constructive notice of its purported lien on 2036 Mountain Park Drive because of the Corrective Affidavit. Because of this constructive notice, Pentagon contends that it has a defense to any rights that the Trustee would assert under § 544(a)(3) as a bona fide purchaser for value. However, North Carolina law is clear that a deed of trust with an inaccurate description of the subject property is a defective deed of trust "and provides no notice, actual or constructive," under North Carolina's recordation statutes. Fifth Third Mortgage Co. v. Miller, 690 S.E.2d 7, 9–10 (N.C. Ct. App. 2010) (citing Lowery v.

Wilson, 200 S.E. 861, 864 (N.C. 1939)). Accordingly, because Pentagon's Deed of Trust contained the wrong legal description, the Court finds that the Trustee should be recognized as a bona fide purchaser for value without constructive notice of Pentagon's prior recorded Deed of Trust. Moreover, because the Corrective Affidavit is ineffective under North Carolina law in curing the incorrect legal description in the Deed of Trust, it does not give sufficient notice to rise to a defense to the Trustee's status as a bona fide purchaser § 544(a)(3).

**C. The Deed of Trust cannot be reformed.**

Pentagon argues that this Court should nevertheless reform the defective Deed of Trust. Reformation is an equitable remedy available to parties "when, because of the mutual mistake of the parties, the agreement expressed in a written instrument differs from the actual agreement made by the parties." Light v. Equitable Life Assurance Soc'y of the U.S., 286 S.E.2d 868, 872 (N.C. Ct. App. 1982). However, " 'as a general rule, reformation will not be granted if the rights of an innocent bona fide purchaser would be prejudiced thereby.' " Miller, 690 S.E.2d at 10 (quoting Hice v. Hi-Mil, Inc., 273 S.E.2d 268, 272 (N.C. 1981)); see also Branch Banking & Trust Co. v. Teague, 725 S.E.2d 34, 36 (N.C. Ct. App. 2012) ("When the court reforms an instrument in connection with the imposition of an equitable or parol trust, '[t]he general rule is that reformation will not be granted if prejudice would result to the rights of a bona fide purchaser for value without notice or someone occupying a similar status' " (quoting Arnette v. Morgan, 363 S.E.2d 678, 680 (N.C. Ct. App. 1988))). As noted above, the Trustee is an innocent bona fide purchaser whose rights would be detrimentally affected by reformation of the Deed of Trust. Accordingly, this Court cannot reform the Deed of Trust.

## CONCLUSION

In sum, Pentagon has not raised a material question of fact that would preclude entry of

summary judgment in favor of the Trustee. As a matter of law, the Deed of Trust of Pentagon fails to secure the property located at 2036 Mountain Park Drive, Charlotte, North Carolina. The Deed of Trust did not describe the property located at 2036 Mountain Park Drive, Charlotte, North Carolina, and the Corrective Affidavit filed on March 16, 2011 failed to cure the incorrect legal description in the Deed of Trust. Therefore, the Trustee did not have constructive notice of Pentagon's prior recorded deed of trust, and Pentagon has no defense to the Trustee's rights and status as a bona fide purchaser under § 544(a)(3). Pentagon is likewise not entitled to have the Deed of Trust reformed. Thus, Pentagon's motions for summary judgment are hereby **DENIED**.

As there are no genuine issues of material fact, and this Court has determined that the Trustee did not have constructive notice of Pentagon's Deed of Trust and, therefore, is a bona fide purchaser under § 544(a)(3), the Trustee's Motion for Summary Judgment is hereby **GRANTED**.

This Order has been signed electronically.    United States Bankruptcy Court
The Judge' signature and the Court's seal
appear at the top of the order.